# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| **Elmarie Bodes,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.: 6:23-cv-05222-HMH |
| ) | |
| **AstraZeneca Pharmaceuticals, LP,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant, AstraZeneca Pharmaceuticals LP ("Defendant"), responds to Plaintiff's Amended Complaint ("Complaint") as follows:

## GENERAL DENIAL

With regard to the specific allegations contained in the Complaint, Defendant responds to each separately numbered paragraph below. Defendant denies all allegations and inferences of the Complaint that are not expressly admitted in this Answer, denies acting unlawfully with respect to Plaintiff, and denies causing recoverable damage to Plaintiff, as alleged in the Complaint.

1. This action is brought pursuant the South Carolina Wage Payment Statute, S.C. Code section 41-10-10, *et seq.* and the common law of South Carolina.

**Answer: With respect to the allegations in Paragraph 1 of the Complaint, Defendant admits only that Plaintiff has brought this action pursuant to S.C. Code Ann. § 41-10-10,** *et seq*. **Defendant denies the remaining allegations in Paragraph 1 and expressly denies any allegation or inference of unlawful or improper action.**

2. Plaintiff is a citizen of the State of South Carolina, County of Greenville. Plaintiff at all relevant times worked for Defendant from her home in South Carolina.

**Answer: Defendant admits the allegations in Paragraph 2 upon information and belief.**

3.    Defendant is a foreign corporation, registered with the South Carolina Secretary of State's Office, does business in the State of South Carolina, and employed Plaintiff to work from her home in Greenville County, South Carolina. Defendant is an "employer" under the South Carolina Wage Payment Statute, S.C. Code section 41-10-10.

**Answer: With respect to the allegations in Paragraph 3 of the Complaint, Defendant admits only that it conducts business in the State of South Carolina and that Plaintiff worked from her home in Greenville County, South Carolina upon information and belief. The definition of "employer" is a legal conclusion which does not require a response. Defendant denies the remaining allegations in Paragraph 3.**

4.    Plaintiff worked for Defendant as a Senior Director, Business Transformation from her home in Greenville full time from 2016 through January 2023. Plaintiff's agreed upon compensation includes a yearly performance bonus and a long-term incentive bonus of stock options. Both bonuses are "wages" under the South Carolina Wage Payment Statute. Plaintiff regularly achieved the performance bonuses and long-term incentives, including for her in 2021 (paid out in early 2022). Defendant had clearly set out criteria for each bonus which was known and followed by Plaintiff each year.

**Answer: With respect to the allegations in Paragraph 4 of the Complaint, Defendant admits only that Plaintiff worked as a Senior Director, Business Transformation, from her home in Greenville County, South Carolina, from approximately 2016 through the present time upon information and belief. The definition of "wages" is a legal conclusion which does not require a response. Defendant denies the remaining allegations in Paragraph 4.**

5.    Plaintiff met the defined criteria for each bonus for her work in 2022 and was entitled to a performance bonus of $124,443.70 and stock options valuing approximately $65,000. Unfortunately, without any written prior notice, in early 2023, after the work for each bonus had been fully performed and earned by Plaintiff, Defendant informed Plaintiff that because she worked exclusively from home in 2022 and did not come into an office at least 3 days a week, her performance bonus would be decreased by 50% to $62,221.85 and she would not receive her long term incentive bonus.

**Answer:  With respect to the allegations in Paragraph 5 of the Complaint, Defendant admits only that Plaintiff received a bonus of $62,221.85 in 2022 and that Defendant communicated to Plaintiff in March 2023 that she would receive this amount.  Defendant denies the remaining allegations in Paragraph 5.**

6.    Defendant retroactively changed the bonus criteria without giving Plaintiff seven days written notice, or any notice at all, before the changes went into effect as required under the South Carolina Wage Payment Statute.

**Answer: Defendant denies the allegations in Paragraph 6 of the Complaint.**

7.    Defendants failed to pay Plaintiff her fully earned performance bonus in the amount of $62,221.85 and her long-term incentive bonus in an amount of approximately $65,000 in stock options.

**Answer:  Defendant denies the allegations in Paragraph 7 of the Complaint.**

### FIRST CAUSE OF ACTION
### ALLEGED FAILURE TO PAY WAGES DUE

8.    Plaintiff incorporates by reference paragraphs 1 through 7 fully as if contained herein.

**Answer: With respect to the allegations in Paragraph 8 of the Complaint, Defendant, where relevant and consistent, incorporates its responses in Paragraphs 1 through 7 above as if fully set forth herein.**

9.  Defendant failed to pay Plaintiff her full wages due for work performed in 2022.

**Answer: Defendant denies the allegations in Paragraph 9 of the Complaint.**

10. Defendant's failure to pay all wages due is a willful violation of law and thus entitles Plaintiff to treble damages and attorneys fees.

**Answer: Defendant denies the allegations in Paragraph 10 of the Complaint.**

## SECOND CAUSE OF ACTION
## ALLEGED BREACH OF CONTRACT

11. Plaintiff incorporates by reference paragraphs 1 through 10 fully as if contained herein.

**Answer: With respect to the allegations in Paragraph 11 of the Complaint, Defendant, where relevant and consistent, incorporates its responses in Paragraphs 1 through 10 above as if fully set forth herein.**

12. A contract was created when Defendant set out a clearly defined compensation plan for Plaintiff and Plaintiff performed work in exchange for this compensation plan. Further, the implied covenant of good faith and fair dealing existed in this contract. Defendant's failure to compensate Plaintiff as agreed upon in 2022 by retroactively changing the compensation after Plaintiff fully performed is a breach of the contract's terms.

**Answer: Defendant denies the allegations in Paragraph 12 of the Complaint.**

13. Plaintiff is entitled to an award of damages for such breach.

**Answer: Defendant denies the allegations in Paragraph 13 of the Complaint.**

## THIRD CAUSE OF ACTION
## <u>NEGLIGENT MISREPRESENTATION</u>

14. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if set forth here in full to the extent that they are not inconsistent with this cause of action.

**Answer: With respect to the allegations in Paragraph 14 of the Complaint, Defendant, where relevant and consistent, incorporates its responses in Paragraphs 1 through 13 above as if fully set forth herein.**

15. As the employer who has the authority to determine what actions it will take, Defendant had superior knowledge of company policy and whether it viewed Plaintiff's remote working in 2022 as a reason/criteria that will cause Plaintiff's yearly bonus to be reduced by 50%. For the previous 5 years, Defendant had affirmatively set out the criteria for earning a yearly bonus which did not include the requirement to not work remotely from home.

**Answer: With respect to the allegations in Paragraph 15 of the Complaint, Defendant admits only that it had the authority to determine company policy and that Plaintiff did not comply with company policy by working fully remotely in 2022. Defendant denies the remaining allegations in Paragraph 15.**

16. Further, because Plaintiff reposed a trust and confidence in Defendant with reference to her compensation, including calculation of her bonus and the criteria for earning her bonus, Defendant had a duty to exercise reasonable care to Plaintiff in stating the bonus criteria and disclose if Plaintiff's continued remote working status in 2022 would negatively impact her bonus.

**Answer: With respect to the allegations in Paragraph 16, whether Defendant had a "duty" is a legal conclusion which does not require a response. Defendant denies the remaining allegations in Paragraph 16.**

17.     Defendant breached this duty by continuing, at the relevant times, to state the criteria for the bonus in 2022 had not been altered and failing to disclose to Plaintiff that her remote working, which for 5 years was accepted and did not negatively impact her bonus pay, would now be considered as a negative and would cause her to lose 50% of her bonus pay. Understanding this is an important material fact that employees needed to know, Defendant disclosed this new criteria in 2023 for future bonus calculations. Unfortunately, Defendant has chosen to apply this new criteria retroactively.

**Answer: Defendant denies the allegations in Paragraph 17.**

18.     Defendant had a pecuniary interest in making its representations and failing to disclose the truth to Plaintiff.

**Answer: Defendant denies the allegations in Paragraph 18.**

19.     Plaintiff justifiably relied on Defendant's statements on the bonus criteria. Plaintiff was unaware that Defendant had changed the criteria for earning the 2022 bonus.

**Answer: Defendant denies the allegations in Paragraph 19.**

20.     Plaintiff has suffered a pecuniary loss as a direct and proximate result of her reliance on the statements made by Defendant and Defendant's failure to disclose the truth.

**Answer: Defendant denies the allegations in Paragraph 20.**

21. Defendant's actions constitute gross negligence.

**Answer: Defendant denies the allegations in Paragraph 21.**

## RESPONSE TO PRAYER FOR RELIEF

With respect to the WHEREFORE Paragraph immediately following Paragraph 21 of the Complaint, Defendant denies all allegations contained therein and further denies Plaintiff is entitled to the relief prayed for or to any relief whatsoever. Defendant requests that Plaintiff take

nothing by way of her Complaint and that Defendant be awarded its costs and expenses, including reasonable attorneys' fees, incurred as a result of Plaintiff's Complaint.

## GENERAL DENIAL

Any allegation set forth in the Complaint that is not specifically admitted, modified, or explained herein is hereby denied. Defendant specifically denies acting unlawfully with respect to Plaintiff, and denies causing recoverable damage to Plaintiff, as alleged in the Complaint. By pleading various defenses, Defendant expressly does not undertake any burden of proof ordinarily borne by the Plaintiff. Defendant reserves the right to amend or assert additional defenses and/or affirmative defenses as facts are developed in the course of additional investigation and discovery.

## ADDITIONAL DEFENSES AND SPECIFIC AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove.

1. Plaintiff's claims must be dismissed to the extent they fail to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of set-off, offset, and/or recoupment.

3. Plaintiff's claims must be dismissed to the extent they are barred in whole or in part by the doctrine of laches, express or implied consent, estoppel, waiver, unclean hands, due diligence, accord and satisfaction, mistake, release, or some combination thereof.

4. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claimed damages were caused by her own actions or failure to act.

5.     To the extent Plaintiff seeks a double recovery for any alleged single wrong, she must elect her remedy.

6.     Plaintiff's claims are barred by the doctrine of payment. Plaintiff has been paid any and all monies or benefits allegedly owed.

7.     To the extent Plaintiff pleads reliance on oral statements/representations allegedly made by Defendant, Plaintiff did not reasonably rely upon statements/representations allegedly made by Defendant. Nor is there an existence of circumstances such that justice can be avoided only by enforcement of the alleged oral promise.

8.     To the extent Plaintiff pleads reliance on oral statements/representations allegedly made by Defendant, Plaintiff's contractual claims are barred by the Statute of Frauds, absence of consideration, and/or lack of mutual obligation.

9.     Plaintiff's claims are barred because there is no mutual assent to the purported contractual arrangement she alleges.

10.    Plaintiff has an obligation to mitigate her damages and has failed to do so.

11.    Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendants' actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal rights of Plaintiff.

12.    Plaintiff has failed to state a claim upon which relief can be granted under the South Carolina Payment of Wages Act ("SCPWA"), because Plaintiff was paid all compensation owed to her by Defendant.

13.    Plaintiff has failed to state a claim upon which relief can be granted under the SCPWA because the alleged "bonus(es)" are not owed to her.

14. Plaintiff has failed to state a claim upon which relief can be granted under the SCPWA because she did not earn the alleged "bonus(es)."

15. Plaintiff is not entitled to the "bonuses" allegedly owed because these "bonuses" are fully discretionary and there is no contractual obligation to pay these "bonuses."

16. Defendant had a good faith belief that Plaintiff was not entitled to the alleged compensation at issue in this case and, therefore, if the Plaintiff's claims under the South Carolina Payment of Wages statute, S.C. Code Ann. Sec. 41-10-10 et seq., are applicable to this action, Plaintiff is not entitled to treble damages and/or attorneys' fees.

17. Plaintiff's claims for punitive or exemplary damages and an award of punitive or exemplary damages would violate those clauses of the Constitutions of the United States and South Carolina related to privileges and immunities, due process, and equal protection.

18. While denying that Plaintiff is entitled to an award of punitive damages in any amount, if and to the extent that Plaintiff is awarded punitive damages in this case, any such award of punitive damages must be limited by the applicable statutory cap(s) imposed pursuant to S.C. Code Ann. § 15-32-530. Additionally, while Defendant denies that it has engaged in any wrongful conduct at all, it expressly asserts for purposes of the application of S.C. Code Ann. § 15-32-530 that it has not engaged in any conduct sufficient to (i) increase the punitive damages recovery limit from the caps established pursuant to S.C. Code Ann. § 15-32-530(A) to the higher caps permissible pursuant to S.C. Code Ann. § 15-32-530(B)(1) & (2); or (ii) eliminate the statutory limitations on recovery of punitive damages pursuant to S.C. Code Ann. § 15-32-530(C).

Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation, including the after-acquired evidence defense.

WHEREFORE, having answered or responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests that the Court grant it the following relief:

a. Dismiss Plaintiff's claims against Defendant *with prejudice*;

b. Deny each and every prayer for relief directed to Defendant in Plaintiff's Complaint;

c. Enter judgment in favor of Defendant;

d. Award to Defendant all costs, expenses, and reasonable attorneys' fees in defending this matter; and

e. Award Defendant any other relief that the Court may deem just and proper.

Dated this 19th day of October, 2023.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

By:   s/ S. Michael Nail
Steven Michael Nail (Fed. ID 12479)
Thomas A. Bright (Fed. ID 1476)
300 North Main Street, Suite 500
Greenville, South Carolina 29601
Phone: (864) 271-1300
Fax: (864) 235-4754
michael.nail@ogletree.com
thomas.bright@ogletree.com

Attorneys for Defendants