IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ELMARIE BODES | ) Civil No.: 6:23-cv-05222-HMH |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| AstraZeneca Pharmaceuticals, LP. | ) |
| Defendant. | ) |
| _____ | ) |

**PLAINTIFF'S RESPONSES TO LOCAL RULE 26.03 INTERROGATORIES**

1. **A short statement of the facts of the case**:

Plaintiff worked for Defendant as a Senior Director, Business Transformation from her home in Greenville full time from 2016 through January 2023. Plaintiff's agreed upon compensation includes a yearly performance bonus and a long-term incentive bonus of stock options. Both bonuses are "wages" under the South Carolina Wage Payment Statute. Plaintiff regularly achieved the performance bonuses and long-term incentives, including for her performance in 2021 (paid out in early 2022). Defendant had clearly set out criteria for each bonus which was known and followed by Plaintiff each year. Plaintiff met the defined criteria for each bonus for her work in 2022 and was entitled to a performance bonus of $124,443.70 and stock options valuing approximately $65,000. Unfortunately, without any written prior notice, in early 2023, after the work for each bonus had been fully performed and earned by Plaintiff, Defendant informed Plaintiff that because she worked exclusively from home in 2022 and did not come into an office at least 3 days a week, her performance bonus would be

decreased by 50% to $62,221.85 and she would not receive her long term incentive bonus. Defendant retroactively changed the bonus criteria without giving Plaintiff seven days written notice, or any notice at all, before the changes went into effect as required under the South Carolina Wage Payment Statute. Defendants failed to pay Plaintiff her fully earned performance bonus in the amount of $62,221.85 and her long-term incentive bonus in an amount of approximately $65,000 in stock options.

2.     **The name of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

Plaintiff, and Employees of Defendant.  Each will have knowledge concerning the facts set forth above.

3.     **The names and subject matter of expert witnesses**:

Plaintiff has not identified an expert but reserves the right to do so in accordance with the Rules.

4.     **Summary of the claims or defenses with statutory and/or case cites supporting the same.**

The South Carolina Wage Payment Statute, S.C. Code section 41-10-10, *et seq*. and the common law of South Carolina relating to claims of Breach of Contract and Negligent Misrepresentation. Plaintiff reserves the right to add or use applicable case law and statutory case law concerning her claims.

5.     **Proposed scheduling dates**.

None that are different than the proposed scheduling order.

6.     **Special circumstances affecting the timeframe of the scheduling order.**

None.

7. **Additional information requested in the pre-scheduling order.**

None.

**Respectfully Submitted by:**

_s/ Brian E. Arnold_____
Brian E. Arnold
Arnold Law Firm, LLC
Fed. I.D. No. 7431
223 West Stone Ave.
Greenville, SC 29609
Attorney for Plaintiff